UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAREK LATHAN, | ) | CASE NO. 1:09 CV 2240 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| OFFICER BATTLE, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Pro se plaintiff filed the above-captioned action under 42 U.S.C. § 1983 against Mansfield Correctional Institution Corrections Officer Battle. In the complaint, plaintiff alleges Officer Battle called him a "snitch" and harassed him. He seeks $5,000,000.00 in damages and a written letter of apology.

**Background**

Mr. Lathan indicates he is an inmate in the Mansfield Correctional Institution assigned to work in the recreation department. In March 2009, he was called to the supervisor's office and questioned about missing property. Mr. Lathan reported that the property had been taken by Officer Battle. Officer Battle was summoned to the office by the supervisor and a heated discussion ensued. Mr. Lathan listened to the argument near the door. He claims that when Officer Battle left the office, he looked at Mr. Lathan and stated "I'm gonna get you. ... If it's one thing I hate, it's a snitch." (Compl. at 3.) Mr. Lathan filed 2 informal grievances against Officer Battle. He does not specify the result of those grievances.

Mr. Lathan contends that after this incident, Officer Battle began to harass him. He claims that although Officer Battle works the second shift and Mr. Lathan works in the department

on the first shift, Officer Battle requested a review of plaintiff's work. He alleges Officer Battles delivered "slander, threats and retaliation" on several occasions. He indicates Officer Battles erased his name from the work book and told other officers Mr. Lathan had been fired. He filed informal complaints and grievances against Officer Battle. Mr. Lathan asserts Officer Battle subjected him to cruel and unusual punishment and denied him due process. He also asserts numerous state law claims.

## Analysis

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

Mr. Lathan fails to state a claim under the Eighth Amendment. An Eighth Amendment claim is proper where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); see also Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir.1996). In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. Hudson, 503 U.S. at 9-10 (requiring extreme or grave deprivation). Verbal harassment and offensive comments by corrections officers are generally not cognizable as constitutional

deprivations. See Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987). The conduct that Mr. Lathan describes is not the type of extreme deprivation which triggers Eighth Amendment scrutiny.

Further, Mr. Lathan does not state a claim for the denial of due process or equal protection. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." Daniels v. Williams, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the state of a person's life, liberty or property. Harris v. City of Akron, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983. Id. As the first step in any due process inquiry, Mr. Lathan must show he has been deprived of a liberty or property interest. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). Mr. Lathan, however, does not allege that he was deprived of any constitutionally protected interest. Prisoners have no constitutional right to prison employment or a particular prison job. Newsom v. Norris, 888 F.2d 371, 374 (6th Cir.1989). There are no other alleged interests suggested on the face of the complaint. Absent this allegation, Mr. Lathan cannot sustain a claim for denial of due process.

Even if the Court had been able to construe that Mr. Lathan had been deprived of a liberty or property interest, he would not state a claim for relief under the Due Process Clause. As Mr. Lathan is not objecting to a particular proceeding, his claim would arise, if at all, as a violation of substantive due process. Under the doctrine of substantive due process, various portions of the Bill of Rights have been incorporated into the Fourteenth Amendment's limits on the power of the states as being "implicit in the concept of ordered liberty." Palko v. Connecticut, 302 U.S. 319, 325 (1937). Due process claims of this nature involve official acts which cause a deprivation of a substantive right specified in the Constitution or a federal statute. Mertik v. Blalock, 983 F.2d 1353,1367 (6th Cir. 1993). In addition, under substantive due process, courts

have invalidated laws or actions of government officials that "shock the conscience." See <u>United States v. Salerno</u>, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. <u>Parate v. Isibor</u>, 868 F.2d 821, 832 (6th Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a state agent. <u>Id.</u> at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." <u>Id</u>. The conduct described in the complaint is not so severe that it shocks the conscience or transcends the bounds of ordinary tort law.

Moreover, Mr. Lathan's equal protection claim is stated entirely as a legal conclusion. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. <u>Id.</u> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. <u>Id.</u> There are no facts set forth in the complaint which reasonably suggest Mr. Lathan was denied equal protection.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

                                                 <u>/s/Dan Aaron Polster 1/27/10</u>
                                                 DAN AARON POLSTER
                                                 UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.